FILED
12/6/2021 4:49 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Christi Underwood DEPUTY

2 CITS-ESERVE

CAUSE NO. _____ DC-21-17470

| | | |
|---|---|---|
| **ANDREW SCOTT,** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| *Plaintiff* | § | |
| | § | |
| **VS.** | § | **DALLAS COUNTY, TEXAS** |
| | § | |
| **DAIRY FARMERS OF AMERICA, INC.,** | § | 101st |
| **AND TYRONE JACKSON** | § | |
| | § | |
| *Defendants.* | § | _____ **JUDICIAL DISTRICT** |

---

### PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURES

---

TO THE HONORABLE JUDGE OF THE COURT:

NOW COMES, **PLAINTIFF ANDREW SCOTT** (hereinafter referred to as **Plaintiff**), and files this Plaintiff's Original Petition, complaining of **DAIRY FARMERS OF AMERICA, INC. and TYRONE JACKSON** (hereinafter collectively referred to as **Defendants**) and for this cause of action would respectfully show unto the Court the following:

### DISCOVERY CONTROL PLAN

1.    Pursuant to Rule 190.3 of the Texas Rules of Civil Procedure, PLAINTIFF hereby expresses his intent for discovery in this case to be conducted under Rule 190.3 (Level 2).

### CLAIM FOR RELIEF

2.    Plaintiff seeks monetary relief over $250,000 but not more than $1,000,000.

### PARTIES

3.    **PLAINTIFF** is an individual and natural person who resides in and at all times relevant in

---

PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURES    PAGE **1** OF **9**

**EXHIBIT A-2**

Dallas, Dallas County, Texas. The last three digits of Plaintiff's social security number are 468.

4.      **Defendant,** TYRONE JACKSON, is an individual resident of Johnson County, Texas. The last three digits of Defendant's social security number are unknown currently. The last three digits of Defendant's social security number are unknown currently. He may be served with process at his usual place of residence at the following address: 9404 1st Street, Apartment 155, Joshua, Texas 76058, or wherever he may be found. **Citation for service is requested at this time.**

5.      **Defendant,** DAIRY FARMERS OF AMERICA, INC., is a foreign limited liability company. It may be served with process at its registered agent at the following address: Corporation Service Company, 1900 West Littleton Boulevard, Littleton, Colorado 80120. **Citation for service is requested at this time.**

## VENUE AND JURISDICTION

6.      Pursuant to §15.002(a)(1) of the Texas Civil Practice & Remedies Code, venue is proper in Dallas County, Texas because all or a substantial part of the events or omissions that gave rise to this lawsuit occurred in Dallas County, Texas.

7.      The subject matter in controversy is within the jurisdictional limits of this court.

8.      This court has jurisdiction over the parties because Defendants operated and availed themselves to Texas' jurisdiction.

## FACTUAL BACKGROUND

9.      On or about July 11, 2020, in Richardson, Dallas County, Texas, **PLAINTIFF** was traveling eastbound on 800 West Arapaho Road. At or about the same time PLAINTIFF was traveling on 800 West Arapaho Road, **Defendant, Tyrone Jackson**, due to being inattentive on the road, improperly made a right turn into Plaintiff's lane and collided with Plaintiff's vehicle. At

all time relevant, Defendant Tyrone Jackson was under the course and scope of his employment with Defendant DAIRY FARMERS OF AMERICA, INC. As a result of Defendants' negligence, PLAINTIFF suffered multiple injuries. PLAINTIFF will show the Court that the negligent conduct of Defendants were a direct and proximate cause of the occurrence described here, and of the bodily injuries and damages sustained by PLAINTIFF.

## CAUSE OF ACTION

## COUNT 1 – RESPONDEAT SUPERIOR

10.     At all times material to this cause of action, Defendant, Tyrone Jackson, was for all purposes a statutory employee of Defendant DAIRY FARMERS OF AMERICA, INC. as contemplated by both the Federal Motor Carrier Safety Responsibility Act (FMCSR) and Texas Statute.

11.     An employer, as defined by FMCSR, "means any person engaged in a business affecting interstate commerce who owns or leases a commercial motor vehicle in connection with that business…." 49 C.F.R. §390.5 (1997).

12.     Texas has incorporated, by reference, Parts 382, 385, 3865, 390-393, and 395-395 of the Federal Motor Carrier Safety Regulations.  *See* 37 Tex. Admin Code §3.62(a)(1996) ("The director of the Texas Department of Public Safety incorporates, by reference, the Federal Motor Carrier Safety Regulations, Title 49, Code of Federal Regulations, Parts 382, 385, 386, 390-393, and 396-397 including amendments and interpretations thereto.").

13.     Defendant DAIRY FARMERS OF AMERICA, INC. is thereby vicariously liable for the negligent actions of Defendant Tyrone Jackson.  *Morris v. JTM Materials*, 78 S.W.3d 28 (Tex. App—Fort Worth 2002, no pet.).

14.     Therefore, Defendant DAIRY FARMERS OF AMERICA, INC. is responsible for all damages resulting from the negligent acts and/or omissions of its agents, servants, and/or employees, including Defendant, Tyrone Jackson, pursuant to the doctrine of *Respondeat Superior*.

## STATUTORY EMPLOYEE

15.     At all times material to this cause of action, Defendant, Tyrone Jackson, was for all purposes a statutory employee of Defendant DAIRY FARMERS OF AMERICA, INC. as contemplated by both the Federal Motor Carrier Safety Responsibility Act (FMCSR) and Texas Statute.

16.     An employer, as defined by FMCSR, "means any person engaged in a business affecting interstate commerce who owns or leases a commercial motor vehicle in connection with that business…." 49 C.F.R. §390.5 (1997).

17.     Texas has incorporated, by reference, Parts 382, 385, 3865, 390-393, and 395-395 of the Federal Motor Carrier Safety Regulations.  *See* 37 Tex. Admin Code §3.62(a)(1996) ("The director of the Texas Department of Public Safety incorporates, by reference, the Federal Motor Carrier Safety Regulations, Title 49, Code of Federal Regulations, Parts 382, 385, 386, 390-393, and 396-397 including amendments and interpretations thereto.").

18.     Defendant DAIRY FARMERS OF AMERICA, INC. is thereby vicariously liable for the negligent actions of Defendant, Tyrone Jackson.  *Morris v. JTM Materials*, 78 S.W.3d 28 (Tex. App—Fort Worth 2002, no pet.).

## CAUSE OF ACTION

## COUNT 1 – NEGLIGENCE

19.     Defendant Driver, Tyrone Jackson, had common-law and statutory duties to operate his vehicle in a reasonable and prudent manner. They negligently breached the duty of care in the following ways:

 a.   failing to keep the vehicles within a proper lane of traffic;

 b.   failing to use the vehicle's horn to warn other drivers;

 c.   failing to obey roadway pavement markings regulating the movement of traffic;

 d.   failing to use due caution;

 e.   failing to maintain a proper lookout;

 f.   failing to timely apply their brakes;

 g.   failing to maintain proper control of the vehicles;

 h.   failing to turn the vehicles to avoid the collision;

 i.   failing to properly operate the vehicle;

 j.   failing to drive in a single lane;

 k.   Causing a collision of vehicles, which resulted in substantial injuries; and

 l.   in all things failing to act as a reasonable person using ordinary care in the same or similar circumstances.

20.     Defendant's acts and/or omission, collectively, constitute a breach of duty which proximately caused Plaintiff's injuries resulting in his damages.

## CAUSE OF ACTION

### COUNT 1 – NEGLIGENCE *PER SE*

21.     In addition, Defendants' negligence described in Count 1 violated the Texas Transportation Code and State and Federal Motor Carrier Safety Regulations.

22.     Specifically, Defendants violated

    a.  Section 545.051 of the Texas Transportation Code in failing to drive on the right side of the roadway;

    b.  Section 545.060 of the Texas Transportation Code;

    c.  Section 545.060 of the Texas Transportation Code; and

    d.  Section 49 C.F.R. 383.111 of the Federal Motor Carrier Safety Regulations in failing to maintain a knowledge and understanding of state and federal motor carrier safety regulations pertaining to procedures for safe vehicle operations.

23.     The Texas Transportation Code and State and Federal Motor Carrier Safety Regulations are designed to protect a class of persons to which Plaintiff belongs against the type of injury suffered by Plaintiff.

24.     Defendants' violation of the Texas Transportation Code and State and Federal Motor Carrier Safety Regulations was without a legal excuse.

25.     Defendants breach of duty imposed by the Texas Transportation Code and State and Federal Motor Carrier Safety Regulations proximately caused injury to Plaintiff, which resulted in Plaintiff's damages.

## CAUSE OF ACTION

## COUNT 1 – GROSS NEGLIGENCE

26.     Additionally, at the time of the incident, Defendant, Tyrone Jackson, was operating a vehicle owned by Defendant DAIRY FARMERS OF AMERICA, INC. Defendant Tyrone Jackson operated said vehicle with reckless disregard of the rights of others and was the result of the conscious indifference to the rights, welfare and safety of other motorists, pedestrians and other persons.  The gross negligence of Defendants were a proximate cause of the damages suffered by Plaintiff and therefore, Plaintiff is entitled to recover punitive damages.

## PLAINTIFF'S CLAIM FOR DAMAGES

27.     PLAINTIFF suffered multiple bodily injuries in the collision and Plaintiff experienced damage to his property, including but not limited to the vehicle she was operating.  PLAINTIFF respectfully request that the trier of fact determine the amount of the damages he has incurred in the past and will reasonably incur in the future, as well as the monetary value of his damages. These injuries have caused him to suffer, and will very likely continue to cause him to suffer, the following damages:

        a.     Property damage, including but not limited to Plaintiff's vehicle;

        b.     Physical pain and suffering, in the past and future;

        c.     Mental anguish, in the past and future;

        d.     Physical impairment, in the past and future;

        e.     Diminished capacity to enjoy life and society, in the past and future;

        f.     Reasonable and necessary medical expenses, in the past and future; and

        g.     Lost wages and loss of earning capacity.

## REQUEST FOR DISCLOSURES

28.       Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendants are

requested to disclose the information and material described in Rule 194.2 within fifty (50) days

of service of this request.

## JURY DEMAND

29.    Pursuant to Texas Rule of Civil Procedure 216, PLAINTIFF  request a trial by jury and

would show that the appropriate fee is paid contemporaneously with the filing of this Petition.

## PRAYER

WHEREFORE,    PREMISES    CONSIDERED,    PLAINTIFF    respectfully    request

Defendants **TYRONE JACKSON AND DAIRY FARMERS OF AMERICA, INC.** be cited to

appear and answer, and on final trial, that Plaintiff have judgment against Defendants for:

a.   actual damages;

b.   prejudgment and post judgment interest allowed by law;

c.   cost of suit;

d.   monetary relief of over $250,000 but not more than $1,000,000; and

e.   any further relief, either in law or equity, to which PLAINTIFF is justly entitled.


Respectfully submitted,

MONTGOMERY LAW, PLLC


/s/ *Sadat Montgomery*
**SADAT MONTGOMERY**
Bar No. 24079893
2777 North Stemmons Freeway
Suite 1525

Dallas, TX  75207
P: (214) 720-6090
F: (877) 669-8520
E: lit@montgomeryfirm.com

**ATTORNEY FOR PLAINTIFF**

---